**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **Gabrielle R. Davis, individually and on behalf of all others similarly situated,** | |
| *Plaintiff,* | **COLLECTIVE AND CLASS ACTION COMPLAINT** |
| **v.** | |
| **Barraco's Pizza, Inc.** | |
| *Defendant.* | |

Gabrielle R. Davis, individually and on behalf of all others similarly situated, files this Complaint against Barraco's Pizza, Inc. ("Defendant") for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.*, as amended ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS § 105, *et. seq.*, ("IMWL"), and the Illinois Wage Payment and Collection Act, 820 ILCS § 115/1, et seq.

## I.   NATURE OF SUIT

1.     This is a collective and class action brought by Plaintiff on behalf of herself and all others similarly situated under the FLSA, the IMWL, and the IWPCA. The putative FLSA Collective Members are all individuals employed by Defendant as servers and who were paid a direct cash subminimum hourly wage. The IMWL Class Members are all individuals employed by Defendant as servers and who were paid a direct cash subminimum hourly wage. The IWPCA Class Members are all individuals employed by Defendant as servers and who had gratuities unlawfully withheld by Defendant and/or had unlawful deductions taken from their wages.

2.     Plaintiff and the other similarly situated individuals she seeks to represent are current and former servers, who are tipped employees under the FLSA and the Illinois Minimum

1

Wage Law.

3.     In 1938, Congress passed the FLSA in an attempt to eliminate low wages, long hours, and provide American workers with a wage that would support a minimum standard of living.[1] The purpose of the FLSA is to provide "specific minimum protections to individual workers and to ensure that each employee covered by the Act ... receive[s] '[a] fair day's pay for a fair day's work' and [is] protected from 'the evil of "overwork" as well as "underpay." *Barrentine v. Arkansas-Best Freight Sys. Inc.*, 450 U.S. 728, 739 (1981).

4.     Similarly, Illinois passed its Minimum Wage Law "to establish a minimum wage standard for workers at a level consistent with their health, efficiency and general well-being; to safeguard such minimum wage against the unfair competition of wage and hour standards which do not provide such adequate standards of living; and to sustain purchasing power and increase employment opportunities." *See* 820 ILCS § 105/2. In passing the IMWL, Illinois recognized that "[p]ayment of any amount less than [the minimum wage] is an unreasonable and oppressive wage, and less than sufficient to meet the minimum cost of living necessary for health." *Id.*

5.     The FLSA and the IMWL require employers to compensate employees at a rate of not less than the minimum wage. *See* 29 U.S.C. § 206(a); 820 ILCS § 105/4(a)(1). However, for tipped employees, employers may take a "tip credit" against payment of the full minimum wage, using a portion of an employee's tips to satisfy the employer's minimum wage obligations to the

---

[1] *See Martinez v. Behring's Bearings Service, Inc.*, 501 F.2d 104, 107 (5th Cir. 1974) ("[t]here can be no doubt that the purpose of the FLSA was and is to protect interstate employees by denying their employers the tool of toying with workers' wages when battling in the competitive market."); *Christopher v. SmithKline Beecham Corp.*, 132 S. Ct. 2156, 2162, 183 L. Ed. 2d 153 (2012) ("Congress enacted the FLSA in 1938 with the goal of protect[ing] all covered workers from substandard wages and oppressive working hours."); *Labelle v. Dreamogawa, Inc.,* Civil Action No. 19-1676 (CKK), 2020 U.S. Dist. LEXIS 197179, at *7 (D.D.C. 2020) (quoting *Slaughter v. Alpha Drugs, LLC*, 907 F. Supp. 2d 50, 54 (D.D.C. 2012) (citing *Martin v. PepsiAmericas, Inc.*, 628 F.3d 738, 740 (5th Cir. 2010))) ("'the purpose of the FLSA [is] to assure to the employees of a covered company a minimum level of wages. . .'").

employee. *See* 29 U.S.C. § 203(m); 820 ILCS § 105/4(c). The use of the tip credit results in a huge savings to employers who, by utilizing the tip credit, are relieved of their obligation to pay the full minimum wage and can supplement employees' wages with tips.

6.      Here, Defendant has a policy and practice of paying all their employee servers, including Plaintiff, subminimum hourly wages under the tip credit provisions of the FLSA. However, Defendant failed to follow federal law and violated Section 203(m) – an affirmative defense – in that Defendant unlawfully (1) failed to inform Plaintiff and FLSA Collective Members of the tip credit pursuant to 29 U.S.C. § 203(m); (2) did not allow Plaintiff and FLSA Collective Members to retain all of their tips; (3) required Plaintiff and FLSA Collective Members to pay a tip fee that was not distributed solely among other customarily and regularly tipped employees as defined by 29 U.S.C. § 203(t); (4) required Plaintiff and FLSA Collective Members to perform non-tipped work *unrelated* to Plaintiff and Collective Members' tipped occupation (i.e., "dual jobs"); and (5) required Plaintiff and FLSA Collective Members to perform non-tipped work that, although related to Plaintiffs and FLSA Collective Members' tipped occupation, exceeded twenty percent (20%) of their time worked during each workweek, was performed for a continuous period exceeding thirty (30) minutes, or both.

7.      Moreover, Defendant violated the Illinois Minimum Wage Law by paying its tipped employees (i.e., servers), including Plaintiff and IMWL Class Members, a subminimum hourly wage prior to accounting for tips and unlawfully: (1) failing to allow Plaintiff and IMWL Class Members to retain all their tips; (2) requiring Plaintiff and IMWL Class Members to pay a tip fee that was not fully distributed solely among other customarily and regularly tipped employees as defined by 56 Ill. Adm. Code § 210.110; (3) requiring Plaintiff and IMWL Class Members to perform non-tip-producing work while paying Plaintiff and IMWL Class Members subminimum

hourly wages.

8.      Defendant's illegal practices in violation of the FLSA and the IMWL have resulted in a forfeiture of the "tip credit." Consequently, Defendant is liable to Plaintiff and the Putative Collective and Class Members for the full minimum wage for every hour worked during the statutory time period plus all other statutory damages provided for under the FLSA and the IMWL.

9.      Because there are other putative plaintiffs who are similarly situated to Plaintiff with regard to work performed and Defendant's compensation policies, Plaintiff brings this action as a collective action under the FLSA to recover unpaid wages, misappropriated tips, liquidated damages, attorneys' fees, and costs on behalf of herself and all others similarly situated.[2]

10.      Because there are other putative class members who are similarly situated to Plaintiff with regard to work performed and Defendant's compensation practices and policies, Plaintiff also brings this action as a Fed. R. Civ. P. 23 class action under the Illinois Minimum Wage Law, to recover unpaid wages, liquidated damages, prejudgment interest of the back wages, attorneys' fees, and costs on behalf of herself and all other employees similarly situated.

11.      Defendant also unlawfully withheld gratuities from Plaintiff and the putative class members in violation of the IWPCA, 820 ILCS 115/4.1(a). Additionally, Defendant unlawfully deducted the cost of uniforms, required equipment (such as server books and wine keys), and "walked tabs" (i.e., tabs of customers who leave the restaurant without paying) from Plaintiff's and Putative Class Members' wages in violation of the IWPCA. 820 ILCS 115/9; 56 Ill. Comp. Admin. Code § 300.840; 56 Ill. Admin. Code § 300.850; 56 Ill. Admin. Code § 300.730.

---

[2] *See Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170, 110 S. Ct. 482, 107 L. Ed. 2d 480 (1989) (discussing the purpose of the FLSA collective action giving "plaintiffs the advantage of lower individual costs to vindicate rights by the pooling of resources," and benefitting the judicial system "by efficient resolution in one proceeding of common issues of law and fact arising from the same alleged . . . activity").

## II.    PARTIES

12.    Plaintiff, Gabrielle R. Davis, is an individual and resident of New Lenox, Illinois. Plaintiff was employed by Defendant as a server within the three-year period preceding the filing of this lawsuit. At all relevant times mentioned, Plaintiff was an "employee" of Defendant as defined by the FLSA, the IMWL, and the IWPCA. Plaintiff has consented to be a party-plaintiff to this action as indicated by the notice of consent that will be filed with the Court.

13.    The Putative Collective Members (the "FLSA Collective") are all individuals who worked as servers at any one or more of Defendant's restaurant locations at any time during the three (3) year period preceding the filing of this lawsuit and who were paid a direct cash wage of less than minimum wage. The FLSA Collective Members will "opt in" pursuant to the FLSA by filing a consent to become a party-plaintiff. *See* 29 U.S.C. § 216(b). The FLSA Collective Members include all individuals who file a consent to join this lawsuit.

14.    At all times hereinafter mentioned, Plaintiff and the FLSA Collective Members were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206, 207.

15.    The Rule 23 Class Members under the IMWL (the "IMWL Class") are all individuals who worked as servers at any one or more of Defendant's restaurant at any time during the three (3) year period preceding the filing of this lawsuit and were paid a direct cash wage of less than minimum wage.

16.    The Rule 23 Class Members under the IWPCA (the "IWPCA Class") are all individuals who worked as servers at any one or more of Defendant's restaurant at any time during the ten (10) year period preceding the filing of this lawsuit and who had gratuities withheld by Defendant, or money deducted from their wages for required uniforms, equipment and/or walked

tabs.

17.     Defendant Barraco's Pizza Inc. is an Illinois corporation. Defendant operates a restaurant called Barraco's with approximately seven (7) locations in Chicago and its surrounding suburbs. Defendant may be served with process by serving its registered agent, Francesca M. Barraco at 3701 W. 95 Street, Evergreen Park, Illinois, 60805.

### III.     JURISDICTION AND VENUE

18.     This Court has subject-matter jurisdiction over this matter, which arises primarily under federal law. Specifically, this Complaint asserts claims arising under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* Therefore, this Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331.

19.     This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105/1, *et. seq.*, and Illinois Wage Payment and Collection ("IWPCA"), 820 ILCS § 115/1, *et. seq.*, claims because these non-federal claims arise from a common nucleus of operative facts such that a plaintiff would ordinarily be expected to try them in one judicial proceeding.

20.     Venue is proper in this District pursuant to 28 U.S.C. § 1391.

### IV.     COVERAGE

21.     At all relevant times, Defendant has been an "employer" of Plaintiff, the FLSA Collective Members, and the IMWL Class Members within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d); the IMWL, 820 ILCS § 105/3(c); and the IWPCA, 820 ILCS § 115/2.

22.     At all relevant times, Defendant has acted directly or indirectly in the interest of an employer with respect to Plaintiff, the FLSA Collective Members, the IMWL Class Members, and the IWPCA Class Members.

23.     At all relevant times, Defendant has been an "enterprise" within the meaning of section 3(r) of the FLSA, 29 U.S.C. § 203(r), in that Defendant has been engaged in the performance of related activities for a common business purpose—namely, operating multiple restaurant locations where Plaintiff, the FLSA Collective Members, the IMWL Class Members, and IWPCA Class Members were employed to work as servers.

24.     At all relevant times, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 C.F.R. § 779.22 and Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had (a) employees engaged in commerce or in the production of goods for commerce, or (b) employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

25.     Defendant is engaged in the restaurant business in Illinois. Defendant employs persons who handle or otherwise work on goods that have been moved in or produced for commerce. Plaintiff, FLSA Collective Members, IMWL Class Members, and IWPCA Class Members waited on customers, took food and drink orders, processed credit card payments, answered questions regarding the menu, removed dinnerware from tables, and performed other tasks.

26.     At all relevant times, Plaintiff, FLSA Collective Members, IMWL Class Members, and IWPCA Class Members were individual "employees" (as defined in Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1), the IMWL, 820 ILCS 105/3(d), and the IWPCA, 820 ILCS 115/2), of Defendant who are engaged in commerce or in the production of goods for commerce as

required by the FLSA and the IMWL. *See Reich v. Circle C. Investments, Inc.*, 998 F.2d 324, 326-29 (5th Cir. 1993); *see also Reagor v. Okmulgee County Family Res. Ctr., Inc.*, 501 Fed. Appx. 805, 808-9 (10th Cir. 2012). Specifically, as part of their employment, Plaintiff, the FLSA Collective Members, the IMWL Class Members, and the IWPCA Class Members handled food and other food service items that were purchased across state lines or traveled in interstate commerce, or both. In addition, while employed by Defendant to work as servers at its restaurants, Plaintiff, the FLSA Collective Members, the IMWL Class Members, and the IWPCA Class Members served customers who were traveling from out-of-state or across interstate lines. Finally, Plaintiff, the FLSA Collective Members, the IMWL Class Members, and the IWPCA Class Members regularly and frequently processed interstate credit card transactions during every shift they worked.

## V.   FACTS

27.    From approximately July 31, 2021 until March 11, 2022, Defendant employed Plaintiff Gabrielle R. Davis as a server and paid her a subminimum hourly wage plus tips.

28.    Defendant owns and operates several restaurants in Illinois known as Barraco's where it employed Plaintiff and many other servers to work. Defendant paid Plaintiff and all its other servers an hourly wage of less than minimum wage prior to accounting for the receipt of earned tips.

29.    As part of the payment scheme Defendant used to compensate their employees, Defendant paid Plaintiff, the FLSA Collective Members, the IMWL Class Members, and the IWPCA Class Members a subminimum hourly wage while purportedly utilizing the tip credit as an affirmative defense to Defendant's obligation to pay the full minimum wage as set forth in the FLSA and IMWL.

30.     The use of the tip credit results in huge savings to Defendant because Defendant compensates Plaintiff, the FLSA Collective Members, the IMWL Class Members, and the IWPCA Class Members at a significantly reduced subminimum hourly wage—with customers bearing the large burden of compensating Plaintiff, the FLSA Collective Members, the IMWL Class Members, and the IWPCA Class Members with tips.

31.     Defendant imposed a tip credit upon all their servers, including Plaintiff, the FLSA Collective Members, the IMWL Class Members, and the IWPCA Class Members.

32.     For instance, during calendar year 2021, Defendant paid Plaintiff $6.60 per hour, which is less than the minimum wage required by the IMWL and the FLSA. Defendant then took a tip credit of $4.40 per hour to offset Plaintiff's subminimum hourly wage and bring her effective rate of pay, with tips included, up to the required minimum wage of $11.00 per hour in calendar year 2021.

33.     Beginning in calendar year 2022, Defendant paid Plaintiff $7.20 per hour, which is less than the minimum wage required by the IMWL and the FLSA. Defendant then took a tip credit of $4.80 per hour to offset Plaintiff's subminimum hourly wage and bring her effective rate of pay, with tips included, up to the required minimum wage of $12.00 per hour in calendar year 2022.

34.     Because Defendant paid Plaintiff, the FLSA Collective Members, and the IMWL Class Members less than minimum wage, Defendant will be liable for violating the minimum wage provisions of the FLSA and IMWL unless Defendant asserts and proves its entitlement to an affirmative defense known as the tip credit.

35.     However, Defendant is unable to prove compliance with the tip credit—an affirmative defense—Defendant cannot rely on the tip credit as a defense to the payment of minimum wage.

**Factual Allegations Relating to Fair Labor Standards Act Violations**

36.     Under the FLSA, an employer must prove its entitlement to take a tip credit in order to rely on tips to supplement a tipped employee's wages. "What the Congress has said, in effect, to restaurant employers is that, if you precisely follow the language of 3(m) . . . you may obtain a . . . credit from the receipt of tips toward your obligation to pay the minimum wage. The corollary seems obvious and unavoidable: if the employer does not follow the command of the statute, he gets no credit." *Dorsey v. TGT Consulting, LLC*, 888 F. Supp. 2d 670, 681 (D. Md. 2012) (quoting, *Richard v. Marriott Corp.*, 549 F.2d 303, 305 (4th Cir. 1977). "Congress, in crafting the tip credit provision of section 3(m) of the FLSA did not create a middle ground allowing an employer both to take the tip credit and share employees' tips." *Chung v. New Silver Palace Restaurant, Inc.*, 246 F. Supp. 2d 220, 230 (S.D.N.Y. 2002)).

37.     The tip credit—an affirmative defense to the payment of minimum wage— requires an employer to show compliance with the specific requirements for taking a tip credit, including: 1) the employer must inform the employee that it will take a tip credit; and 2) the employer must allow its tipped employees to retain all the tips they receive, except those tips included in a lawfully administered tip pool. *See* 29 U.S.C. § 203(m).

38.      If the employer fails to adhere to the very specific requirements of the FLSA, the employer loses its right to avail itself of the tip credit. *See e.g., Martin v. Tango's Rest., Inc.*, 969 F.2d 1319, 1323 (1st Cir. 1992) (if the penalty for failing to adhere to the FLSA's notice provisions of the tip credit seems harsh, "it is also true that notice is not difficult for the employer to provide.")

39.     Plaintiff and the FLSA Collective Members have been victimized by Defendant's payment scheme that violates the FLSA. Specifically, Defendant violated Section 203(m), an affirmative defense, by (1) failing to inform Plaintiff and the FLSA Collective Members of the

provisions of the tip credit; (2) not allowing Plaintiff and the FLSA Collective Members to retain all of their tips; (3) requiring Plaintiff and the FLSA Collective Members to pay a tip fee that was not distributed solely among other customarily and regularly tipped employees as defined by 29 U.S.C. § 203(t); (4) requiring Plaintiff and the FLSA Collective Members to perform non-tipped work *unrelated* to Plaintiff and the FLSA Collective Members' tipped occupation (i.e., "dual jobs"); and (5) requiring Plaintiff and the FLSA Collective Members to perform non-tipped work that, although related to Plaintiff's and the FLSA Collective Members' tipped occupation, exceeded twenty percent (20%) of their time worked during each workweek, or was performed for a continuous period of time exceeding thirty (30) minutes, or both.

40.     Based upon any one or more of the foregoing, Defendant violated the tip credit provisions of the FLSA, and therefore, Defendant is prevented from utilizing the tip credit as an affirmative defense to the payment of the full minimum wage as required by Section 206 of the FLSA.

41.     Defendant failed to inform Plaintiff and the FLSA Collective Members of the provisions of the tip credit, violating condition one of the tip credit. *See* 29 U.S.C. § 203(m); *see also* 29 C.F.R. § 531.59(b), 516.4. If an employer fails to adhere to the FLSA's very specific requirements, it loses its right avail itself of the tip credit. *See Martin*, 969 F.2d at 1323 (stating that if the penalty for failing to adhere to the FLSA's notice provisions of the tip credit seems harsh, "it is also true that notice is not difficult for the employer to provide.").

42.     Effective May 5, 2011, the Department of Labor amended its tip-credit regulations to outline more specific requirements for the notice employers must provide to tipped employees about the tip credit. *See* 29 C.F.R. § 531.59. An employer is not eligible to take the tip credit unless it has informed its employees prior to taking a tip credit of:

11

a. the amount of the cash wage that is to be paid to the tipped employee by the employer;

b. the additional amount by which the wages of the tipped employee are increased on account of the tip credit claimed by the employer;

c. the tip credit may not exceed the value of the tips actually received by the employee;

d. that all tips received by the tipped employee must be retained by the employee except for a valid tip pooling arrangement limited to employees who customarily and regularly receive tips; and

e. that the tip credit shall not apply to any employee who has not been informed of these requirements in this section. *See* 29 C.F.R. § 531.59.

43. Here, Defendant failed to give Plaintiff and FLSA Collective Members notice of the tip credit and therefore, Defendant violated the tip credit defense.

44. Defendant also failed to provide Plaintiff and FLSA Collective Members notice, in writing, of all the information required by 29 C.F.R. § 516.28(a)(3). Specifically, "[t]he amount per hour which [Defendant took] as a tip credit" was not "reported to the [Plaintiff and Collective Members] in writing each time it [was] changed from the amount per hour taken in the preceding week." *See* 29 C.F.R. § 516.28(a)(3); *see also Rafferty v. Denny's, Inc.*, 29 Fla. L. Weekly Fed. C 367 n.22 (11th Cir. 2021) ("[W]e agree that a violation of 29 C.F.R. § 516.28(a)(3) ultimately constitutes a violation of 29 U.S.C. § 203(m). . .").

45. Defendant failed to inform Plaintiff and the FLSA Collective Members about the operation, accounting, and distribution of their tips. *See* 29 C.F.R. § 531.54(a). Defendant failed to inform Plaintiff and the FLSA Collective Members or reach an agreement on how the tips would be distributed or to whom the tips would be redistributed. *See Id.* Therefore, Defendant did not redistribute the tips upon the basis of any agreement between Defendant and Plaintiff and the FLSA Collective Members.

46. Because Defendant failed to give Plaintiff and FLSA Collective Members notice of the tip credit as required by the FLSA (including notice of the tip distribution and written notice

of the contents required by the regulations), Defendant cannot rely on tips and assert the tip credit as a defense to its failure to pay Plaintiff and FLSA Collective Members the minimum wage required by Section 206 of the FLSA.

47.     In addition to Defendant's failure to give Plaintiff and FLSA Collective Members notice of the tip credit, Defendant further violated the tip credit defense by requiring Plaintiff and FLSA Collective Members to pay a tip fee at the end of each shift.

48.     However, Defendant cannot show that it fully distributed the tip fee solely among other customarily and regularly tipped employees as defined by 29 U.S.C. § 203(t). *See Wajcman v. Inv. Corp. of Palm Beach*, 620 F. Supp. 2d 1353, 1356 n.3 (S.D. Fla. 2009) (citing 29 U.S.C. § 203(m)) ("[i]f tipped employees are required to participate in a tip pool with other employees who do not customarily receive tips, then the tip pool is invalid and the employer is not permitted to take a 'tip credit.'"); *See also* 29 U.S.C. § 203(m)(2)(B) ("[a]n employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit.").[3]

49.     Defendant cannot show that it adhered to *condition two* of 29 U.S.C. § 203(m) and has thus violated the minimum wage as cited in 29 U.S.C. § 206. Therefore, Defendant is disavowed from using the tip-credit as a defense to the payment of the full minimum wage.

50.     Because Defendant cannot show that all "tip fees" it collected from Plaintiff and the FLSA Collective Members were fully distributed solely among other customarily and regularly tipped employees, Defendant violated the tip credit and has thus violated the minimum wage as

---

[3]     Pursuant to 29 C.F.R. § 531.54(c), when an employer takes a tip credit pursuant to section 3(m)(2)(A): "(1) [t]he employer may require an employee for whom the employer takes a tip credit to contribute tips to a tip pool only if it is limited to employees who customarily and regularly receive tips; **and** (2) [t]he employer must notify its employees of any required tip pool contribution amount, may only take a tip credit for the amount of tips each employee ultimately receives, and may not retain any of the employees' tips for any other purpose." *See* 29 C.F.R. § 531.54(c)(2).

cited in 29 U.S.C. § 206. Therefore, Defendant is disavowed from using the tip-credit as a defense to the payment of the full minimum wage. *See* 29 U.S.C. § 203(m)(2)(B) ("An employer may not keep tips received by its employees for any purposes . . ."); 29 C.F.R. § 531.52 ("An employer that takes a tip credit against its minimum wage obligations is prohibited from using an employee's tips for any reason other than that which is statutorily permitted in section 3(m)(2)(A): As a credit against its minimum wage obligations to the employee, or in furtherance of a tip pool limited to employees who customarily and regularly receive tips.").

51.     Furthermore, while utilizing the tip credit, Defendant required Plaintiff and FLSA Collective Members to pay for various uniform items and other items used to perform their jobs including, as examples, server books, wine keys, and "walked tabs" (i.e., tabs of customers who leave the restaurant without paying).

52.     Defendant's pattern and practice of requiring Plaintiff and FLSA Collective Members to pay for items that do not constitute "facilities," Plaintiff and FLSA Collective Members did not retain all their tips in violation of *condition two* of 29 U.S.C. § 203(m). *See e.g., Mayhue's Super Liquor Stores, Inc. v. Hodgson*, 464 F.2d 1196, 1199 (5th Cir. 1972) (holding that a general deduction for cash register shortages tends to "shift part of the employer's business expense to the employees" and is impermissible if the deduction drops cuts into the statutory minimum wage); *Reich v. Priba Corp.*, 890 F. Supp. 586, 596 (N.D. Tex. 1995) ("[t]he FLSA does not permit an employer to transfer to its employees the responsibility for the expense of carrying on an enterprise."); 29 C.F.R. 531.3(d)(1), (2); 29 C.F.R. 531.32(c); *Myers v. Copper Cellar Corp.*, 192 F.3d 546, 554-55 (6th Cir. 1999); *see also Herman v. Collis Foods, Inc.*, 176 F.3d 912, 918 (1999) (recognizing "the FLSA's policy of preventing employers from exploiting § 203(m) deductions for profit.").

53.     Defendant also required Plaintiff and FLSA Collective Members to perform non-standard duties that did not produce tips. Plaintiff and FLSA Collective Members were required to perform nontipped duties before the restaurant opened, during their shifts, and after the restaurant closed. Plaintiff and the FLSA Collective Members were required to cover jobs far afield from those normally associated with waiting on customers as a server at a restaurant.

54.     Plaintiff and the FLSA Collective Members were at all times paid less than minimum wage including times when Plaintiff and FLSA Collective Members were engaged in and required to perform nontipped work. Defendant uses its servers such as Plaintiff and the FLSA Collective Members as utility employees to make up the shortfall in labor while paying them subminimum hourly wages.

55.     Defendant regularly and frequently required Plaintiff and FLSA Collective Members to perform substantial nontipped duties including, but not limited to, cleaning tables, taking out the trash, cleaning out condiment containers, cleaning food and beverage trays, removing items from shelves and wiping shelves, breaking down the soda machine, setting tables, busing tables, polishing glassware, rolling silverware, and other nontipped duties before, during, and after each shift.

56.     Defendant illegally paid Plaintiff and FLSA Collective Members a subminimum wage for all hours worked, including during the substantial times Plaintiff and FLSA Collective Members were performing nontipped duties.

57.     Defendant assigned substantial sidework duties that, even if such duties were related to Plaintiff and FLSA Collective Members' tipped occupation as servers, took up more than 20% of their time in violation of the FLSA. *Fast v. Applebee's Int'l, Inc.*, 638 F.3d 872, 880 (8th Cir. 2011) ("employees who spend 'substantial time' (defined as more than 20 percent)

15

performing related but nontipped duties should be paid at the full minimum wage for that time").

58. Therefore, Defendant violated the FLSA by requiring Plaintiff and the FLSA Collective Members to perform nontipped work that occupied more than 20% of their time, even if such nontipped work was *related* to their tipped occupation as servers. *See Marsh v. J. Alexander's, LLC*, 905 F.3d 610, 626-28 (9th Cir. 2018) (adopting 20% standard for dual jobs regulation and finding the DOL's opinion on dual jobs for tipped workers to be entitled to deference); *Fast v. Applebee's Intern., Inc*., 638 F.3d 872, 881 (8th Cir. 2011) (granting deference to the DOL's 20% standard); *Driver v. AppleIllinois, LLC*, No. 06 Civ. 6149, 2012 WL 3716482, at *2 (N.D. Ill. Aug. 27, 2012) ("An employer may take a tip credit only for hours worked by [an] employee in an occupation in which [he] qualifies as a tipped employee."); *Driver v. AppleIllinois, LLC*, 739 F.3d 1073, 1075 (7th Cir. 2014) (the court indirectly case its imprimatur on the DOL's aforementioned dual-jobs regulation and Field Operations Handbook, citing both the "related to" standard in 29 C.F.R. § 531.56(e) and the 20% standard in § 30d00(e)); *Flood v. Carlson Restaurants, Inc*., No. 13 Civ. 6458 (AT), 2015 WL 1396257 (S.D.N.Y. Mar. 27, 2015) (denying Defendant's motion to dismiss, explaining that the 20% standard is a reasonable interpretation of the FLSA and ultimately granting 216(b) notice); *Ide v. Neighborhood Restaurant Partners, LLC*, No. 13 Civ. 509 (MHC), 2015 WL 11899143, at *6 (N.D. Ga. Mar. 26, 2015) ("a reasonable interpretation of § 531.56(e) is that [plaintiff] would be entitled to minimum wage if she spends more than twenty percent of her time performing related but non-tipped duties."); *Crate v. Q's Restaurant Group, LLC*, 2014 WL 10556347, at *4 (M.D. Fla. May 2, 2014) ("[T]he Court concludes that the 20% rule clarifies the ambiguity contained in 29 C.F.R. § 531.56(e) by delineating how much time a tipped employee can engage in related, non- tipped producing activity before such time must be compensated directly by the employer at the full minimum wage rate.").

59.     Moreover, Plaintiff and FLSA Collective Members regularly and frequently performed the substantial nontipped work assigned to them for more than thirty (30) continuous minutes in violation of the FLSA. *See* 29 C.F.R. § 531.56(f)(4)(ii).

60.     In addition, while paying its servers subminimum hourly wages, Defendant required Plaintiff and FLSA Collective Members to perform nontipped duties <u>unrelated</u> to serving customers such as, for example, taking out the trash, cleaning out condiment containers, cleaning food and beverage trays, removing items from shelves and wiping shelves, breaking down the soda machine, and other duties unrelated to their occupation as servers.

61.     Defendant violated the FLSA by paying Plaintiff and the FLSA Collective Members the subminimum wage to perform any nontipped duties that were unrelated to their occupation as servers, regardless of how long they spent on such unrelated nontipped work. *See* 29 C.F.R. § 531.56(e); *see also Romero v. Top-Tier Colorado LLC*, 849 F.3d 1281, 1285 (10th Cir. 2017); *Driver v. AppleIllinois, LLC*, 739 F.3d 1073, 1075 (7th Cir. 2014) (explaining that when tipped employees perform "non-tipped duties" that "are unrelated to their tipped duties . . . such as, in the case of restaurant servers, washing dishes, preparing food, mopping the floor, or cleaning bathrooms, they are entitled to the full minimum wage for the time they spend at that work."); *Osman v. Grube, Inc.*, No. 16-CV-802, 2017 WL 2908864, at *4 (N.D. Ohio July 7, 2017) (employer may not take a tip credit for the time that a tipped employee spends on work that is not related to the tipped occupation).

62.     Defendant's method of paying Plaintiff and FLSA Collective Members in violation of the FLSA was not based on good-faith and a reasonable belief that its conduct complied with the FLSA. Therefore, an award of liquidated damages is mandatory.

63.     Defendant's method of paying Plaintiff and FLSA Collective Members in violation

of the FLSA was willful and was not based on good-faith and reasonable belief that its conduct complied with the FLSA. Therefore, a three-year statute of limitations applies due to the willful nature of the violations. 29 U.S.C. § 255(a).

64.     During the three-year period prior to this suit, Defendant employed other individuals similar to Plaintiff who were paid less than minimum wage, performed similar job duties, and were subject to the same policies and work experience as Plaintiff.

65.     Because there are other putative plaintiffs who are similarly situated to Plaintiff with regard to work the job duties they performed and Defendant's compensation policies, Plaintiff brings this action as a collective action under § 216(b) of the FLSA to recover unpaid wages, liquidated damages, attorneys' fees, and costs on behalf of herself and all others similarly situated.

**Factual Allegations Relating to Illinois Minimum Wage Law Violations**

66.     The Illinois Minimum Wage Law permits employers to pay tipped employees a subminimum hourly wage rate ("tip credit rate"). *See* 820 ILCS § 105/4(c).

67.     However, in order to claim a tip credit against the payment of wages to tipped employees, the employer must "provide substantial evidence that the amount claimed, which may not exceed 40% of the applicable minimum wage rate, was received by the employee in the period for which the claim of exemption is made, and no part thereof was returned to the employer." *See* 820 ILCS § 105/4(c).

68.     If the employer fails to adhere to the requirements of IMWL, the employer loses its right to pay tipped employees at the "tip credit rate" (i.e., a subminimum hourly wage).

69.     Plaintiff and the IMWL Class Members have been victimized by Defendant's payment scheme that violates the IMWL. Specifically, Defendant violated the IMWL, by: (1) not allowing Plaintiff and IMWL Class Members to retain all of their tips; (2) requiring Plaintiff and

IMWL Class Members to pay a tip fee that Defendant cannot prove was distributed solely among other customarily and regularly tipped employees as defined by 56 Ill. Admin. Code § 210.110; (3) requiring Plaintiff and IMWL Class Members to perform non-tip-producing work while paying Plaintiff and IMWL Class Members less than minimum wage.

70.     Because Defendant cannot prove that it adhered to the IMWL, Defendant is prevented from paying Plaintiff and IMWL Class Members a pursuant to a tip credit. *See* 820 ILCS § 105/4(c).

71.     For instance, Defendant violated the IMWL by requiring Plaintiff and IMWL Class Members to pay a "tip fee" that Defendant cannot prove was fully distributed solely among other customarily and regularly tipped employees.

72.     As described above, Defendant collected a tip fee from Plaintiff and IMWL Class Members. However, Defendant did not and cannot show the tip fee was fully distributed to employees engaged in occupations that are customarily and regularly tipped.

73.     Because Defendant did not lawfully redistribute the tip fee it collected from Plaintiff and the IMWL Class Members, Defendant violated the IMWL.

74.     Furthermore, Defendant required Plaintiff and IMWL Class Members to pay for various uniform items and other items used to perform their jobs including, as examples, server books, wine keys, and "walked tabs" (i.e., tabs of customers who leave the restaurant without paying).

75.     Defendant's pattern and practice of requiring Plaintiff and IMWL Class Members to pay for business expenses resulted in unlawful deductions prohibited by the IMWL and resulted in Defendant taking a tip credit greater than 40% of the applicable minimum wage rate in violation of the IMWL, resulting in damages owed to Plaintiff and the IMWL Class Members.

76.    Furthermore, as described above, Defendant required Plaintiff and IMWL Class Members to perform non-standard duties that did not produce tips. Plaintiff and IMWL Class Members were required to perform nontipped duties before the restaurant opened, during their shifts, and after the restaurant closed. Plaintiff and the IMWL Class Members were required to cover jobs far afield from those normally associated with waiting on customers as a server at a restaurant.

77.    Plaintiff and the IMWL Class Members were at all times paid less than minimum wage, including times when Plaintiff and IMWL Class Members were engaged in and required to perform nontipped work. Defendant uses its servers such as Plaintiff and the IMWL Class Members as utility employees to make up the shortfall in labor while paying them subminimum hourly wages.

78.    Defendant regularly and frequently required Plaintiff and IMWL Class Members to perform substantial nontipped duties including but not limited to cleaning tables, taking out the trash, cleaning out condiment containers, cleaning food and beverage trays, removing items from shelves and wiping shelves, breaking down the soda machine, setting tables, busing tables, polishing glassware, rolling silverware, and other nontipped duties before, during, and after each shift.

79.    Defendant illegally paid Plaintiff and IMWL Class Members a subminimum wage for all hours worked, including during the substantial times Plaintiff and IMWL Class Members were performing nontipped duties.

80.    Defendant assigned substantial sidework duties that even if such duties were related to Plaintiff and IMWL Class Members' tipped occupation as servers, took up more than 20% of their time in violation of the FLSA. *Fast v. Applebee's Int'l, Inc.*, 638 F.3d 872, 880 (8th Cir. 2011)

("employees who spend 'substantial time' (defined as more than 20 percent) performing related but nontipped duties should be paid at the full minimum wage for that time").

81.     Therefore, Defendant violated the IMWL by requiring Plaintiff and the IMWL Class Members to perform nontipped work that occupied more than 20% of their time, even if such nontipped work was *related* to their tipped occupation as servers.

82.     In addition, while paying its servers subminimum hourly wages, Defendant required Plaintiff and IMWL Class Members to perform nontipped duties <u>unrelated</u> to serving customers such as, for example, taking out the trash, cleaning out condiment containers, cleaning food and beverage trays, removing items from shelves and wiping shelves, breaking down the soda machine, and other duties unrelated to their occupation as servers.

83.     Defendant illegally paid Plaintiff and IMWL Class Members a subminimum wage for all hours worked, including the periods during which Plaintiff and IMWL Class Members were performing nontipped duties, and thus, unable to earn tips. *See* 820 ILCS § 105/4(c) ("each employer desiring an allowance for gratuities [must] provide substantial evidence that the amount claimed, which may not exceed 40% of the applicable minimum wage rate, was received by the employee in the period for which the claim of exemption is made, and no part thereof was returned to the employer.").

84.     Based on Defendant's violations of the Illinois Minimum Wage Law, a three-year statute of limitations applies. *See* 820 ILCS § 105/12(b). Plaintiff and IMWL Class Members are entitled to recover unpaid wages plus statutory damages in the amount of 5% per month of the amount of underpayments.

85.     During the three-year period prior to this suit, Defendant has employed individuals who performed similar job duties under a similar payment scheme as was used to compensate

Plaintiff. Because there are other putative plaintiffs who are similarly situated to Plaintiff with regard to work performed and Defendant's compensation policies, Plaintiff brings this action as a class action under Federal Rule Civil Procedure 23 to recover unpaid wages, liquidated damages, statutory penalties, prejudgment interest of the back wages, attorneys' fees, costs, and legal or equitable relied as may be appropriate, on behalf of herself and all others similarly situated. *See* 815 ILCS §205/2; 820 ILCS §105/12(a).

**Factual Allegations Relating to Illinois Wage Payment and Collection Act Violations**

86.     The IWPCA provides that "[g]ratuities are the property of employees and employers shall not keep gratuities." 820 ILCS 115/4.1(a). Thus, it is a violation of the IWPCA for an employer to keep employees' gratuities. *Id.*

87.     Plaintiff and the IWPCA Class Members have been victimized by Defendant's payment scheme that violates the IWPCA. Specifically, Defendant violated the IWPCA, by (1) not allowing Plaintiff and IWPCA Class Members to retain all of their tips; and (2) requiring Plaintiff and IWPCA Class Members to pay a tip fee that Defendant cannot prove was proportionate to the credit card processing fees incurred by Defendant and/or distributed as part of a legitimate tip pool, *see* 820 ILCS 115/4.1(b).

88.     Because Defendant did not lawfully redistribute the tip fee it collected from Plaintiff and the IWPCA Class Members, Defendant violated the IWPCA.

89.     Additionally, the IWPCA, 820 ILCS 115/9, prohibits employers from making deductions from employees' wages.

90.     Specifically, employers cannot deduct the cost of required uniforms, 56 Ill. Comp. Admin. Code § 300.840; required equipment, 56 Ill. Admin. Code § 300.850, or cash shortages, 56 Ill. Admin. Code § 300.730, from employees' wages.

91.     Defendant required Plaintiff and the IWPCA Class Members to pay for various uniform items and other items used to perform their jobs including, as examples, server books, wine keys, and "walked tabs" (i.e., tabs of customers who leave the restaurant without paying). Defendant deducted these amounts from Plaintiff's and the IWPCA Class Members' wages.

92.     Defendant's pattern and practice of deducting the cost of required uniforms, equipment, and walked tabs from Plaintiff's and the IWPCA Class Members' wages violates the IWPCA.

## VI.     FLSA COLLECTIVE ACTION ALLEGATIONS

93.     The foregoing paragraphs are fully incorporated herein.

94.     Plaintiff brings this FLSA claim as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) (the "FLSA Collective Action"). In addition to the claims of the individually named Plaintiff, Plaintiff brings this action as a representative of all similarly situated former and current employees of Defendant. The proposed collective of similarly situated employees ("Class Members") sought to be certified pursuant to the FLSA, is defined as:

> **All individuals who worked as servers for Defendant at any time during the three (3) year period preceding the filing of this lawsuit, and who were paid a subminimum hourly wage.**

95.     FLSA claims may be pursued by those who opt-in to this case, pursuant to 29 U.S.C. § 216(b).

96.     Other employees have been victimized by Defendant's common pattern, practice, and scheme of paying employees in violation of the FLSA. Plaintiff is aware of other employees at Barraco's who were paid in the same unlawful manner as Plaintiff. Plaintiff is aware that the illegal practices or policies of Defendant have been uniformly imposed on other bartenders and servers who worked for Defendant. Specifically, Plaintiff is aware of other servers who were not

notified of the tip credit, were required to pay a tip fee that was not distributed solely among other customarily and regularly tipped employees, were required to pay for business expenses, and were required to perform non-tipped duties for a substantial amount of time.

97.     Plaintiff and FLSA Collective Members have the same pay structure, have the same job duties, were not notified in writing of the tip credit provisions, required to pay a tip fee that was  (in whole or part) distributed to ineligible recipients, were subject to unlawful deductions, and were required to perform non-tipped duties while being paid at the subminimum "tipped wage." Plaintiff and FLSA Collective Members are all victims of Defendant's unlawful compensation scheme.

98.     Plaintiff and the Collective Members are all non-exempt for purposes of minimum wage payments under the FLSA.

99.     Defendant's failure to pay minimum wage pursuant to the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of the FLSA Collective Members. Plaintiff's experience regarding pay is typical of the experiences of the FLSA Collective Members.

100.    Although the exact amount of damages may vary among FLSA Collective Members, the damages for the FLSA Collective Members can be easily calculated by a simple formula. The FLSA Collective Members' claims arise from a common nucleus of facts. Specifically, Defendant's systematic course of illegal conduct in violation of the FLSA's minimum wage requirements caused harm to Plaintiff and FLSA Collective Members.

### VII.    RULE 23 IMWL CLASS ACTION ALLEGATIONS

101.    The foregoing paragraphs are fully incorporated herein.

102.    Plaintiff brings this IMWL claim as a class action consistent under Fed. R. Civ. P.

23 (the "IMWL Class Action"). In addition to the claims of the individually named Plaintiff, Plaintiff brings this action as a representative of all similarly situated former and current employees of Defendant. The proposed class of similarly situated employees ("IMWL Class Members") sought to be certified pursuant to the IMWL, is defined as:

> **All individuals who worked as servers for Defendant at any time during the three (3) year period preceding the filing of this lawsuit, and who were paid a subminimum hourly wage.**

103.     Other employees have been victimized by Defendant's common pattern, practice, and scheme of paying employees in violation of the IMWL. Plaintiff is aware of other employees at Barraco's who were paid in the same unlawful manner as Plaintiff. Plaintiff is aware that the illegal practices or policies of Defendant have been uniformly imposed on other servers who worked for Defendant. Specifically, Plaintiff is aware of other servers who were not notified of the IMWL provisions, were required to pay a tip fee that was not distributed solely among other customarily and regularly tipped employees, and who were required to perform non-tipped duties for a substantial amount of time.

104.     Plaintiff and IMWL Class Members have the same pay structure, have the same job duties, were not notified of the provisions of the IMWL, required to pay a tip fee from which a portion of the tips were distributed to ineligible recipients, were subject to unlawful deductions under the IMWL, and were required to perform non-tipped duties while being paid at the subminimum tip credit wage rate. Plaintiff and IMWL Class Members are all victims of Defendant's unlawful compensation scheme.

105.     Plaintiff and the IMWL Class Members are all non-exempt for purposes of minimum wage payments under the IMWL.

106.     Defendant's failure to pay minimum wage pursuant to the IMWL results from

generally applicable policies or practices and does not depend on the personal circumstances of the IMWL Class Members. Plaintiff's experience regarding pay is typical of the experiences of the IMWL Class Members.

107.    Although the exact amount of damages may vary among IMWL Class Members, the damages for the IMWL Class Members can be easily calculated by a simple formula. The IMWL Class Members' claims arise from a common nucleus of facts. Specifically, Defendant's systematic course of illegal conduct in violation of the IMWL requirements caused harm to Plaintiff and IMWL Class Members.

108.    On information and belief, there are more than 100 of similarly situated employees employed by Defendant across all seven of its restaurants during the past three years. Therefore, there are other similarly situated employees and former employees of Defendant who have been improperly compensated in violation of the IMWL in the same manner as Plaintiff was compensated as set forth in this lawsuit.

## VIII.   RULE 23 IWPCA CLASS ACTION ALLEGATIONS

109.    The foregoing paragraphs are fully incorporated herein.

110.    Plaintiff brings this IWPCA claim as a class action consistent under Fed. R. Civ. P. 23 (the "IWPCA Class Action"). In addition to the claims of the individually named Plaintiff, Plaintiff brings this action as a representative of all similarly situated former and current employees of Defendant. The proposed class of similarly situated employees ("IWPCA Class Members") sought to be certified pursuant to the IWPCA, is defined as:

> **All individuals who worked as servers for Defendant at any time during the ten (10) year period preceding the filing of this lawsuit, and who had gratuities withheld by Defendant, or money deducted from their wages for required uniforms, equipment and/or walked tabs.**

111.    Other employees have been victimized by Defendant's common pattern, practice,

and scheme of paying employees in violation of the IWPCA. Plaintiff is aware of other employees at Barraco's who were paid in the same unlawful manner as Plaintiff. Plaintiff is aware that the illegal practices or policies of Defendant have been uniformly imposed on other servers who worked for Defendant. Specifically, Plaintiff is aware of other servers who were required to pay a tip fee that was not distributed solely among other customarily and regularly tipped employees, and who were required to pay for uniforms, equipment, and walked tabs.

112.    Plaintiff and IWPCA Class Members have the same pay structure, have the same job duties, were required to pay a tip fee from which a portion of the tips were distributed to ineligible recipients, and were subject to unlawful deductions under the IWPCA. Plaintiff and IWPCA Class Members are all victims of Defendant's unlawful compensation scheme.

113.    Defendant's failure to pay employees' gratuities, and unlawful deductions pursuant to the IWPCA results from generally applicable policies or practices and does not depend on the personal circumstances of the IWPCA Class Members. Plaintiff's experience regarding pay is typical of the experiences of the IWPCA Class Members.

114.    Although the exact amount of damages may vary among IWPCA Class Members, the damages for the IWPCA Class Members can be easily calculated. The IWPCA Class Members' claims arise from a common nucleus of facts. Specifically, Defendant's systematic course of illegal conduct in violation of the IWPCA requirements caused harm to Plaintiff and IWPCA Class Members.

115.    On information and belief, there are more than 100 of similarly situated employees employed by Defendant across all seven of its restaurants during the past ten years. Therefore, there are other similarly situated employees and former employees of Defendant who have been improperly compensated in violation of the IWPCA in the same manner as Plaintiff was

compensated as set forth in this lawsuit.

## IX. CAUSE OF ACTION NO. 1: MINIMUM WAGE VIOLATIONS UNDER THE FAIR LABOR STANDARDS ACT

116. The foregoing paragraphs are fully incorporated herein.

117. Defendant's failure to pay Plaintiff and FLSA Collective Members at the full minimum wage rate is a violation of the FLSA's minimum wage requirement. See 26 U.S.C. § 206.

118. During the relevant period, Defendant has violated and is violating the provisions of Section 6 of the FLSA, 29 U.S.C. § 206, and 215(a)(2), by employing Plaintiff and FLSA Collective Members in an enterprise engaged in commerce or in the production of commerce within the meaning of the FLSA, as aforesaid, and failing to pay such employees at the minimum wage rate.

119. Defendant failed to pay Plaintiff and FLSA Collective Members the full minimum wage according to the provisions of the FLSA for each hour and workweek that Plaintiff and FLSA Collective Members worked for Defendant during the statutory time period in violation of 29 U.S.C. § 206(a).

120. In addition, to the extent Defendant intends to rely on the "tip credit" as an affirmative defense to the payment of minimum wage, Defendant has violated the tip credit because Defendant: (1) failed to provide Plaintiff and FLSA Collective Members notice of all items required by Section 203(m); (2) failed to allow Plaintiff and FLSA Collective Members to retain all of their tips; (3) required Plaintiff and FLSA Collective Members to pay a tip fee that was not distributed (in whole or in part) solely among other customarily and regularly tipped employees; (4) required Plaintiff and FLSA Collective Members to perform non-tipped work unrelated to Plaintiff and FLSA Collective Members' tipped occupation; and (5) required Plaintiff

and FLSA Collective Members to perform non-tipped work that, although related to Plaintiff and FLSA Collective Members' tipped occupation, exceeded twenty percent (20%) of their time worked during each workweek, was performed for a substantial amount of time exceeding a period of thirty (30) continuous minutes, or both.

121.     Defendant's illegal practices in violation of the FLSA result in Defendant's forfeiture of the tip credit, and therefore, Defendant is precluded from relying on tips to supplement Plaintiff's and the FLSA Collective Members' subminimum hourly rate. Consequently, Defendant is liable to Plaintiff and FLSA Collective Members for the full minimum wage for every hour worked during the statutory time period plus all other statutory damages and penalties provided for under the FLSA. See 29 U.S.C. § 206.

122.     At all times relevant, Defendant compensated Plaintiff and FLSA Collective Members less than minimum wage. None of the exemptions or defenses provided by the FLSA regulating the duty of employers to pay employees for all hours worked at the required minimum wage rate, including the tip credit, are applicable to Defendant, Plaintiff, or the FLSA Collective Members.

123.     Because there are other putative FLSA Collective Members who are similarly situated to Plaintiff with regard to work performed and Defendant's compensation policies, Plaintiff brings this lawsuit as a collective action under § 216(b) of the FLSA to recover unpaid wages, misappropriated tips, liquidated damages, attorneys' fees, and costs on behalf of herself and FLSA Collective Members.

## X.     CAUSE OF ACTION NO. 2: MINIMUM WAGE VIOLATIONS UNDER THE ILLINOIS MINIMUM WAGE LAW

124.     The foregoing paragraphs are fully incorporated herein.

125.     During the relevant period, Defendant failed to pay Plaintiff and IMWL Class

Members the minimum wages required by the Illinois Minimum Wage Law. See 820 ILCS § 105/4(a)(1), (c).

126.    Defendant's failure to pay Plaintiff and IMWL Class Members at the full minimum wage rate is a violation of the IMWL's minimum wage requirement. *See* 820 ILCS § 105/4(c).

127.    In addition, to the extent Defendant intends to claim a tip credit as an affirmative defense to the payment of minimum wage, Defendant has violated the tip credit because Defendant: (1) did not allow Plaintiff and IMWL Class Members to retain all of their tips by making illegal deductions under the IMWL; (2) required Plaintiff and IMWL Class Members to pay a tip fee that Defendant did not fully distribute solely among other customarily and regularly tipped employees; and (3) required Plaintiff and IMWL Class Members to perform nontip-producing work while paying Plaintiff and IMWL Class Members a subminimum wage.

128.    Defendant's illegal practices in violation of the IMWL have resulted in Defendant's forfeiture of paying Plaintiff and IMWL Class members a tip credit wage rate. 820 ILCS § 105/4(c); § 105/12(a). Therefore, Defendant is precluded from relying on tips to supplement Plaintiff's and IMWL Class Members' subminimum hourly rate. Id. Consequently, Defendant is liable to Plaintiff and the IMWL Class Members for unpaid wages, liquidated damages, statutory penalties, prejudgment interest of the back wages, attorneys' fees, costs, and legal or equitable relied as may be appropriate, on behalf of himself and all others similarly situated. *See* 820 ILCS §205/2; 820 ILCS § 105/12.

129.    At all times relevant, Defendant compensated Plaintiff and IMWL Class Members less than the Illinois mandated minimum wage. *See* 820 ILCS § 105/4(a)(1). None of the exemptions or defenses provided by the IMWL regulating the duty of employers to pay employees for all hours worked at the required minimum wage rate are applicable to Defendant, Plaintiff, or

IMWL Class Members.

130.    Because there are other putative plaintiffs who are similarly situated to Plaintiff with regard to work performed and Defendant' compensation policies, Plaintiff brings this lawsuit as a Fed. R. Civ. P. 23 class action under the IMWL to recover unpaid wages, liquidated damages, statutory damages, prejudgment interest of the back wages, attorneys' fees, and costs on behalf of herself and the IMWL Class Members.

## XI.    CAUSE OF ACTION NO. 3: GRATUITIES AND DEDUCTIONS VIOLATIONS UNDER THE ILLINOIS WAGE PAYMENT AND COLLECTION ACT

131.    The foregoing paragraphs are fully incorporated herein.

132.    During the relevant time period, Defendant required Plaintiff and IWPCA Class Members to pay a tip fee that Defendant did not fully distribute solely among other customarily and regularly tipped employees. In doing so, Defendant violated the IWPCA, 820 ILCS § 115/4.1(a), by unlawfully keeping gratuities, and failing to pay Plaintiff and the IWPCA Class Members the gratuities they were owed.

133.    In addition, during the relevant time period, Defendant violated the IWPCA, 820 ILCS § 115/9, by taking unauthorized deductions from Plaintiff's and IWPCA Class Members' wages for among other things, required uniforms, required equipment, and cash shortages due to walked tabs.

## XII.    JURY DEMAND

134.    Plaintiff requests a jury trial for all issues that are properly triable to a jury.

## XIII.    PRAYER

135.    Plaintiff, on an individual basis and on behalf of the FLSA Collective Members, the IMWL Class Members, and the IWPCA Class Members, prays for judgment against Defendant as follows:

31

a. For a declaratory judgment declaring that Defendant willfully violated Plaintiff's rights (and of those who join the suit) under the FLSA and the Rule 23 Class Members under the Illinois Minimum Wage Law and Illinois Wage Payment and Collection Act;

b. For an order finding Defendant liable for unpaid wages (including all misappropriated tips) owed to Plaintiff, the FLSA Collective, the IMWL Class Members, and IWPCA Class Members;

c. For an order awarding Plaintiff and the FLSA Collective liquidated damages under the FLSA equal in amount to the unpaid wages owed;

d. For an order awarding Plaintiff and the IMWL Class treble damages under the IMWL equal in amount to the unpaid wages owed;

e. Awarding statutory damages pursuant to the formula set forth in 820 ILCS 105/12(a);

f. Awarding statutory damages pursuant to the formula set forth in 820 ILCS 115/14(a);

g. For an order awarding pre-judgment interest, as may be appropriate, and post-judgment interest computed at the underpayment rate established by the Secretary of Treasury pursuant to 26 U.S.C. § 6621;

h. For an order awarding Plaintiff all attorneys' fees incurred;

i. For an order awarding Plaintiff all costs and expenses incurred in pursuing this action; and

j. For an order granting any such other and further relief as this Court deems just and appropriate.

Respectfully submitted,


By: /s/ Bradley Manewith
        Bradley Manewith, #06280535
        Marc J. Siegel, #06238100
        James Rogers, #6324570
        **SIEGEL & DOLAN LTD.**
        150 North Wacker Drive, Suite 3000
        Chicago, IL 60606
        Tel. (312) 878-3210
        Fax (312) 878-3211
        Email: bmanewith@msiegellaw.com
                    msiegel@msiegellaw.com
                    jrogers@msiegellaw.com

*-and-*

        Drew N. Herrmann
        (*pro hac vice* admission to be filed)
        drew@herrmannlaw.com
        Pamela G. Herrmann
        (*pro hac vice* admission to be filed)
        pamela@herrmannlaw.com
        Allison H. Peregory
        (*pro hac vice* admission to be filed)
        aperegory@herrmannlaw.com
        **HERRMANN LAW, PLLC**
        801 Cherry St., Suite 2365
        Fort Worth, Texas 76102
        Phone: (817) 479-9229
        Fax: (817) 840-5102

        ATTORNEYS FOR PLAINTIFF,
        FLSA COLLECTIVE, AND
        IMWL CLASS MEMBERS

33